**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**PATRICIA DILTS,**

        Plaintiff,

v.    **CIVIL ACTION NO. 3:23-cv-23 (GROH)**

**COLD SPRING FOREST SECTION 1 HOA,**

        Defendant.

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant Cold Spring Forest Section 1 Home Owners Association's Motion [ECF No. 16] to Dismiss, which was referred to the undersigned by Judge Gina M. Groh on March 2, 2023. See ECF No. 17. Upon consideration of the Motion and Plaintiff Patricia Dilts's Response [ECF No. 24],[1] the undersigned RECOMMENDS that Defendant's Motion [ECF No. 16] to Dismiss be GRANTED and Plaintiff's Complaint [ECF No. 1] be DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.

### I.    BACKGROUND

#### A.    Procedural History

On February 6, 2023, Plaintiff Patricia Dilts filed a Complaint against Defendant Cold Spring Forest Section 1 Home Owners Association.[2] ECF No. 1. On February 8, 2023, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, which was referred to the undersigned to conduct a preliminary review and enter a report and

---

[1] Defendant did not file a reply brief.
[2] Hereinafter, the undersigned will refer to Defendant Cold Spring Forest Section 1 Home Owners Association as either "Defendant" or the "HOA."

recommendation ("R&R"). The undersigned issued an R&R in this matter on February 9, 2023, recommending dismissal of the Complaint without prejudice for failure to state a claim upon which relief may be granted. ECF No. 6. Therein, the undersigned construed Plaintiff's Complaint as an attempt to assert a due process claim under the Fourteenth Amendment but found there was insufficient allegations to plausibly support such a claim. Id. at 2. The undersigned could not discern from the Complaint what remedy the Plaintiff sought or even what events prompted the filing of the lawsuit other than a dispute between Plaintiff and the HOA.[3] Id. Before the district court had a chance to rule on the merits of the R&R, Plaintiff paid her filing fee, rendering it moot, and Defendant was served with the Complaint. On February 15, 2023, Plaintiff filed an additional pleading related to the Complaint, which provided a third page of facts and a correction of a typographical error in the demand for relief section of the Complaint.[4] ECF No. 12.

On February 28, 2023, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 16. In the Motion, Defendant argues that the Court lacks jurisdiction as Plaintiff's claim is barred by the Rooker-Feldman doctrine, and alternatively, that the Complaint fails to state a plausible due process claim. Id. Defendant also attached six exhibits to the Motion consisting of state court orders and appeals between Plaintiff Dilts and the Defendant HOA. Id. After the pro se Plaintiff did not respond to Defendant's Motion in a timely fashion, the Court

---

[3] Ultimately, thanks to additional pleadings and attachments filed after the entry of the R&R, the events leading up to this lawsuit and the remedy sought in this case have become clear. Based on these new developments, it is apparent that this Court does not have jurisdiction to hear this case.

[4] The undersigned finds that the pro se Plaintiff's intent is for the Court to read the Complaint and this additional pleading together, rather than to supplant the original Complaint and treat this new filing as an amended complaint. Given the Plaintiff is pro se and that this "amendment" was timely filed as a matter of course, the Court will consider the Complaint [ECF No. 1] and the additional pleading [ECF No. 12] together, and any references to the Complaint hereinafter will pertain to the facts alleged in both pleadings.

entered a Roseboro Notice on March 15, 2023, providing Plaintiff additional time to respond. ECF No. 20. On March 31, 2023, Plaintiff filed her Response [ECF No. 24] to Defendant's Motion and attached a declaration of covenants as well as a proposed order she prepared in a prior state court case. See ECF Nos. 24-1, 24-2. Plaintiff's Response was silent on the question of jurisdiction raised by Defendant.

Additionally, while the Defendant's Motion to Dismiss has been pending before the Court, Plaintiff filed two motions of her own. On March 15, 2023, Plaintiff filed a "Motion to Determine Proper Proceedings," and on April 12, 2023, she filed a "Motion to Compel." See ECF Nos. 21, 25. Because the undersigned recommends dismissal, Plaintiff's motions should be denied as moot.

### B.     Facts[5]

Plaintiff Dilts owns Lot No. 1 and Lot No. 3 in the Cold Spring Forest Section I subdivision, and is, by virtue of her ownership, a member of the HOA. ECF No. 16 at 21-25 (Dilts v. Cold Spring Forest Section I, No. 19-0678, 2020 WL 3469364 (W. Va. June 25, 2020)). Since 2011, Plaintiff Dilts and the HOA have been engaged in litigation disputing the HOA's authority to assess and collect fees, plus interest and costs, from its members and to record liens on lots within the subdivision when those fees go unpaid. Id. Specifically, two cases before the Morgan County Circuit Court are relevant in this matter and will be referred to herein as 11-C-31 and 17-P-16.

---

[5] Part of Defendant's Motion to Dismiss is brought under Rule 12(b)(1), which permits the undersigned to look beyond the four corners of the Complaint and consider additional evidence and the record as a whole to determine whether the Court has subject-matter jurisdiction. Accordingly, the facts summarized herein, come from an assortment of pleadings and attachments including the Complaint (and Plaintiff's amendment) [ECF Nos. 1, 12], the Defendant's Motion to Dismiss [ECF No. 16], the six state court orders/opinions attached to Defendant's Motion, Plaintiff's Response to the Motion to Dismiss [ECF No. 24], and the two attachments that accompanied Plaintiff's Response [ECF Nos. 24-1, 24-2].

In 11-C-31, the HOA sued Dilts for $425 worth of damage caused to the graveled subdivision road and for $200 in annual road assessment fees. ECF No. 16 at 7-10 (DeBlasio v. Cold Spring Forest Sec. 1 Homeowners Ass'n, Inc., No. 12-0652, 2013 WL 3388227 (W. Va. July 8, 2013)). On May 7, 2012, the circuit court awarded summary judgment to the HOA for the claim of overdue fees, finding that the HOA "had both authority to collect the fees under the Declaration of Covenants and Restrictions and the standing to sue for them." Id. The circuit court also granted the HOA summary judgment on Dilts's counterclaim that the HOA had failed to repay or credit any surplus funds remaining after payment of or provision for common expenses. Id. Further, the circuit court granted the HOA default judgment on its claim that Dilts owed $425 for damaging the subdivision road, and also sanctioned Dilts $978.70 in attorney's fees and costs related to her failure to appear for a deposition. Id. Dilts appealed, and the Supreme Court of Appeals of West Virginia affirmed. Id.

In 17-P-16, the HOA filed a petition before the Morgan County Circuit Court on May 8, 2017, alleging that Dilts owed the HOA a total of $44,906.75 in unpaid annual assessments, fees, and costs and requested that the circuit court direct the sale of Plaintiff's lots within the subdivision. ECF No. 16 at 21-25 (Dilts, 2020 WL 3469364). Following the 2019 bench trial, the parties each filed a proposed order, and Plaintiff appears to have attached her proposed order to her Response. See ECF No. 24-2; ECF No. 16 at 21-25 (Dilts, 2020 WL 3469364). In Plaintiff's proposed order, she asked the circuit court to vacate the May 7, 2012, ruling in 11-C-31 because the HOA "was without standing to initiate the claims" based on the HOA's denial of Plaintiff's "Due Process" rights. Id. On March 14, 2019, the circuit court issued an order directing the sale of one

lot owned by Dilts to satisfy the liens on her lots held by the HOA. ECF No. 16 at 21-25 (Dilts, 2020 WL 3469364). Dilts appealed the order, again pursuing an argument that the HOA lacked standing, which the Supreme Court of Appeals found was barred under res judicata as Dilts was not permitted to relitigate the issue of the HOA's standing to sue for subdivision fees and collect them. Id. The Supreme Court of Appeals affirmed the March 14, 2019, order directing the sale of Plaintiff's Lot No. 1 to satisfy the HOA's liens. Id.

As of December of 2022, a motion filed by the HOA was pending in 17-P-16 related to the sale of Plaintiff's real estate. ECF No. 16 at 26-31. In lieu of filing an actual response to said motion, Dilts informed the circuit court and the HOA that as of February 6, 2023, she "will have filed a complaint with the United States [District] Court [for the] Northern District of West Virginia. Documents to follow." Id. at 28. By order, on February 7, 2023, the circuit court held that Dilts, who had been the highest bidder in the sale of her property, had defaulted on the terms of the sale, and the court thus accepted the backup bid of $80,000 and directed the special commissioner to convey and sell Plaintiff's real estate to the backup bidder. Id. at 30-31.

As promised, Plaintiff Dilts filed her Complaint in this Court on February 6, 2023. ECF No. 1. In the Complaint's prayer for relief, Plaintiff does not seek damages or injunctive relief. Id. at 4. Rather, she asks "that this case and the case leading up to this be overturned as there was no 'due process' afforded this Plaintiff." ECF Nos. 1 at 4, 12 at 2. In Plaintiff's Response, she describes the relief she is seeking in more detail: "to have both 17-P-16 and 11-C-31 overturned as the [HOA] lacked standing to bring either case to court and this is where 'Due Process' would have established this in the very

beginning of any litigation." ECF No. 24 at 1. Plaintiff further describes her claim as "17-P-16 should never have been filed to take my home," and that the same applies for 11-C-31. Id.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss for Lack of Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of jurisdiction. A Rule 12(b)(1) motion to dismiss for lack of jurisdiction "challenges a court's authority to hear the matter brought by a complaint." Akers v. v. Md. State Educ. Ass'n, 376 F.Supp.3d 563, 569 (D. Md. 2019). "Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction." Id. (citing Demetres v. E. W. Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015)). While the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint," Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999), the district court, in considering a Rule 12(b)(1) motion, is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Put another way, "when a defendant challenges jurisdiction - through a Rule 12(b)(1) motion to dismiss - the Court may consider evidence outside the four corners of the complaint, and no presumptive truthfulness attaches to the plaintiff's allegations." Bulger v. Hurwitz, No. 3:20-CV-206, 2022 WL 340594, at *11 (N.D.W. Va. Jan. 12, 2022), aff'd, 62 F.4th 127 (4th Cir. 2023). The district court should grant the

Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768; Evans, 166 F.3d at 647.

### B.     Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont

7

de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). While the court is traditionally limited in its review under Rule 12(b)(6) to the facts alleged in the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" are also fair game. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).

### C. Review of Pro Se Complaints

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

### III. DISCUSSION

Plaintiff Dilts is asking this Court to review and overturn the rulings in two state court cases: 17-P-16 and 11-C-31. Defendant argues that this federal district Court lacks jurisdiction over this matter under the Rooker-Feldman doctrine and that Rule 12(b)(1) dismissal is therefore warranted. The undersigned agrees.

When a defendant asserts multiple defenses, as in this case, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999). "Congress has vested federal review of state court decisions exclusively in the Supreme Court, which has discretion to grant a writ of certiorari." Natusch v. Nibert,

No. 1:16CV81, 2017 WL 1155375, at *4 (N.D.W. Va. Mar. 28, 2017) (citing 28 U.S.C. § 1257(a)). "District courts, as courts of original jurisdiction, may not sit in direct review of state courts." Id. (citing Davani v. Va. Dep't of Trans., 434 F.3d 712, 717 (4th Cir. 2006)). "To enforce this distinction, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).[6] "If the plaintiff 'is challenging the state-court decision,' the doctrine bars federal suit 'even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court.'" Id. (quoting Davani, 434 F.3d at 719).

"In Rooker, the plaintiffs brought suit in federal district court seeking a declaration that a state-court judgment against them was 'null and void' because, they alleged, it was in violation of the Constitution." Davani, 434 F.3d at 716 (quoting Rooker, 263 U.S. at 414–15). "The Supreme Court concluded that the district court lacked subject-matter jurisdiction over the claim because '[u]nder the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state-court] judgment for errors of [Constitutional] character.'" Id. (second alteration added) (quoting Rooker, 263 U.S. at 416).

---

[6] "The Rooker–Feldman doctrine is the namesake of Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)." Davani, 434 F.3d at 716.

9

Here, Plaintiff requests that this Court review and overturn state court judgments that have been affirmed by the Supreme Court of Appeals of West Virginia. She lost both of these cases to the Defendant HOA, which resulted in judgments awarding the HOA thousands of dollars in unpaid fees and costs, and ultimately led to the sale of Plaintiff's real estate to satisfy the judgments. In this case, she asserts the same standing/due process arguments that have already been presented to and rejected by this State's highest court and the lower courts in both cases: that the HOA "lacked standing to bring either case to court" as "there was no 'due process' afforded this Plaintiff." ECF Nos. 1 at 4, 12 at 2, 24 at 1.

As mentioned above, if the plaintiff "is challenging the state-court decision," the Rooker-Feldman doctrine bars federal suit "even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court." Davani, 434 F.3d at 719. The instant case not only challenges the state-court decisions, which alone is enough to bar Plaintiff's claim, but relies on the same arguments presented and rejected in state court. Moreover, nothing about this suit "qualifies as an independent, concurrent action that does not undermine the Supreme Court's appellate jurisdiction over state court judgments." Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 323 (4th Cir. 2016).

Lastly, to the extent Plaintiff implicitly asserts that the state courts acted without jurisdiction (by way of her standing/due process assertions), courts routinely apply the Rooker-Feldman doctrine despite allegations that a state court acted without jurisdiction. See Natusch, 2017 WL 1155375, at *5-6 (dismissing complaint under the Rooker-Feldman doctrine in case where Plaintiff alleged that no court in West Virginia

had jurisdiction to enter and enforce a child support order and noting this argument had been pursued in state court and rejected); Reguli v. Guffee, 371 Fed.Appx. 590, 597 (6th Cir. 2010) ("Even if issued without jurisdiction, the order was still issued by a state court, and Rooker-Feldman bars a federal court from reviewing the constitutionality of that order."); Doe v. Mann, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005) (stating that Rooker-Feldman is applicable "where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment"). In summary, the Court is barred from hearing this suit under the Rooker-Feldman doctrine. Accordingly, the Court should grant Defendant's Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction, and the Defendant's Rule 12(b)(6) argument need not be addressed.

## IV. RECOMMENDATION

Because this Court lacks subject-matter jurisdiction over Plaintiff's claim, the undersigned **RECOMMENDS** that Defendant's Motion [ECF No. 16] to Dismiss be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**. Further, the undersigned **RECOMMENDS** that Plaintiff's Motions [ECF Nos. 21, 25] be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by**

**the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** April 18, 2023

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE