IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**PATRICIA A. DILTS,**

      Plaintiff,

v.                                             **CIVIL ACTION NO.: 3:23-CV-23 (GROH)**

**COLD SPRING FOREST
SECTION 1 HOA,**

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DISMISSING CASE WITHOUT PREJUDICE

Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 26. Pursuant to this Court's Local Rules and 28 U.S.C. § 636(b)(1)(A), the Defendant's Motion to Dismiss was referred to Magistrate Judge Trumble. ECF No. 17. On April 18, 2023, Magistrate Judge Trumble issued his R&R, recommending that the complaint be dismissed with prejudice. ECF No. 17. The Plaintiff timely filed objections on May 4, 2023. ECF No. 28.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Moreover, "[w]hen a party does

make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

In his R&R, Magistrate Judge Trumble found that the Court lacks subject matter jurisdiction. Specifically, the R&R explains that the Rooker-Feldman doctrine bars the Plaintiff's suit. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The basis for Judge Trumble's finding is that the Plaintiff's Complaint asks this Court to review, and ultimately overturn, judgments from a West Virginia trial court, which have been affirmed by the Supreme Court of Appeals of West Virginia. In response to the R&R, the Plaintiff concedes that she does "not understand this jurisdiction issue." ECF No. 28 at 1.

The remainder of Plaintiff's objections take issue with various legal points, but the problem for the Plaintiff is her suit is clearly barred in this Court. The Plaintiff clearly and plainly is seeking relief from state court decisions, which is not available in this Court. In other words, the Plaintiff is attempted to appeal or possibly relitigate issues already decided by the trial court and highest court in West Virginia.

This is a Court of limited jurisdiction. It only has the authority to entertain those matters which are clearly prescribed and delegated by the Constitution. Regardless of the outcome of a case in a state court, this Court may not sit as an appellate court unless that authority has been explicitly delegated by the Constitution or Legislature. Here, there is no Constitutional or statutory authority for this Court to relitigate those matters decided by the Supreme Court of Appeals of West Virginia.

Upon careful review, and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 26] is **ADOPTED IN PART** for the reasons more fully stated therein. The only exception is that the R&R recommends dismissal with prejudice, but because this Court lacks subject matter jurisdiction, it finds dismissal without prejudice appropriate.

Therefore, the Defendant's Motion to Dismiss [ECF No. 16] is **GRANTED**, and the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE.** The remaining motions are **TERMINATED AS MOOT**. ECF Nos. 21 & 25.

The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk is further **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at her last known address as reflected on the docket sheet.

**DATED:** June 23, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE